543 P.2d 533 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Andre ROBERTSON, Defendant-Appellant.
No. 75-088.
Colorado Court of Appeals, Div. III.
September 2, 1975.
Rehearing Denied October 23, 1975.
*534 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., E. Ronald Beeks, Asst. Atty. Gen., for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Mary G. Allen, Deputy State Public Defender, for defendant-appellant.
Selected for Official Publication.
STERNBERG, Judge.
Defendant, a prisoner in the state penitentiary, was convicted of "introducing contraband in the first degree" in violation of § 18-8-203(1)(b), C.R.S.1973. In this appeal, he contends that the court erred in refusing to instruct the jury on the affirmative defense of "choice of evils" as defined by § 18-1-702(1), C.R.S.1973. While we agree that under certain circumstances such defense may well be available to one so charged, nevertheless we hold that the defense is not appropriate under the specific facts of this case. Thus, the court's refusal to instruct on the defense was not error, and we affirm the conviction.
Defendant testified at his trial that he left his cell about 8 a. m. on March 22, 1974, after having locked the door. When he returned to the cell later that day, the door was open and his mattress disturbed. He also testified that he looked under his mattress and discovered an implement referred to in the record as a knife. He denied that he had ever seen it before, or that he knew how it came to be in his cell. He placed the knife in the waistband of his trousers and left the cell with the avowed intention of throwing it away. Shortly after leaving his cell, he encountered several officers who were conducting a routine shakedown search. One officer searched the defendant and found the knife, resulting in the filing of the introduction of contraband charges.
Defendant testified that he did not openly turn in the knife because of fear of retaliation from other inmates. He stated that such an act of cooperation with the jail authorities could lead to his acquiring a "snitch jacket" which in turn would have placed his life in danger. This testimony was partially corroborated by that of a correction officer.
The "choice of evils" defense, which has its roots in the common law doctrine of necessity, has long been recognized in criminal law under the latter description. See, e.g., 21 Am.Jur.2d Criminal Law § 99. This defense has been codified in Colorado by § 18-1-702, C.R.S.1973, which provides that:
"[C]onduct which would otherwise constitute an offense is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no conduct of the actor, and which is of sufficient gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."
For this defense to be available here, it must first be shown that defendant's conduct was necessitated by a specific and imminent threat of injury to his person under circumstances which left him no reasonable and viable alternative other than the violation of the law for which he stands charged. In People v. Lovercamp, 43 Cal.App.3d 823, 118 Cal.Rptr. 110, the issue was whether the defense of necessity was available in an escape prosecution. The necessity was to avoid homosexual attack. Specific threats had been made and there had been physical violence by 10 or *535 15 inmates against the two defendants. The court allowed the defense under these circumstances, but specifically limited its applicability to situations where:
"The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future." (emphasis supplied).
Thus, an allegation by a defendant of a generalized fear of retaliation will not support the defense. Put simply, the threat to defendant's person must be so definite, specific, and imminent as to rise beyond mere speculation.
Consequently, where, as here, the defendant alleges only a general fear of injury and cannot point to a specific threat of injury, the "choice of evils" defense is not available. Thus, the trial court properly refused to give such instruction.
Judgment affirmed.
PIERCE and VanCISE, JJ., concur.