586 P.2d 235 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
John Joseph TRUJILLO, Defendant-Appellant.
No. 77-695.
Colorado Court of Appeals, Division II.
July 20, 1978.
Rehearing Denied August 31, 1978.
*236 John D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James S. Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy Public Defender, Dennis Maes, Deputy State Public Defender, Pueblo, for defendant-appellant.
STERNBERG, Judge.
The defendant, John Joseph Trujillo, appeals his conviction of the crime of escape. His principal contention of error is that the court unduly limited the evidence that he could present tending to show that he fled the penitentiary because of fears of physical abuse, including those of a sexual nature, from other inmates. We agree and therefore reverse and remand for a new trial.
Trujillo was a prisoner in the state penitentiary, having previously been convicted of the crime of manslaughter. Together with four other inmates he was taken to a high school to speak to some of the students as part of a program designed to show them the futility of a life of crime. He fled, remained at large for approximately two weeks, but was arrested while hiding in a closet in his mother's home in Denver.
Prior to presenting his case, Trujillo offered to prove the following: On February 7, 1975, while in the maximum security unit, he was beaten and gang raped by six inmates. When he reported the attack to prison authorities, he was transferred to the medium security unit but was threatened there by other inmates on several occasions and, in May 1975, some of them demanded sexual favors. He reported this situation to administrative personnel, but nothing was done. On July 1, 1975, he was again approached by the same individuals requesting that he submit to homosexual acts and was threatened when he refused. Two days later the same individuals, knowing that he was scheduled to speak at the high school, told him to bring back "dope" or not return. It was on that day, July 3, 1975, that he escaped.
The trial court allowed evidence only of the incident of July 3, 1975, and specifically refused to permit defendant to testify about the acts of the previous five months. *237 The primary evidence supportive of the defense of duress that the jury heard was that, "If [he] didn't bring back any dope, [he'd] better not come back at all." Little evidence reached the jury of the alleged violence, of homosexual rape, or of threats related thereto. Nor did the jury learn of defendant's efforts to seek the aid of prison authorities. We hold that it was error not to allow the testimony outlined in the offer of proof to reach the jury.
In People v. Harmon, 53 Mich.App. 482, 220 N.W.2d 212 (1974), a case dealing with homosexual rape, the court stated that:
"The time has come when we can no longer close our eyes to the growing problem of institutional gang rapes in our prison system. Although a person sentenced to serve a period of time in prison for the commission of a crime gives up certain of his rights, `it has never been held that upon entering a prison one is entirely bereft of all of his civil rights and forfeits every protection of the law.' Sewell v. Pegelow, 291 F.2d 196, 198 (CA 4, 1961). Indeed, the State has a duty to assure inmate safety. . . . If our prison system fails to live up to its responsibilities in this regard we should not, indirectly, countenance such a failure by precluding the presentation of a defense based on those facts."
Considering the allegations in the case before us, we find this quotation to be particularly appropriate.
The jury was properly instructed on Trujillo's theory of the case, i. e., that his escape was the product of duress, as that defense is codified in § 18-1-708, C.R.S. 1973. However, by allowing defendant to testify only about the most recent of a series of events occurring over a five month period he was deprived of the opportunity to detail the very evidence that would lend credence to his affirmative defense, thus making it less likely that the jury would accept it.
Contrary to the People's argument, in People v. Robertson, 36 Colo.App. 367, 543 P.2d 533 (1975), this court did not make the defense inapplicable to one in the situation of the defendant here. In Robertson, speaking of the defense of "choice of evils," but in language equally applicable to the defense of duress, we stated that:
"For this defense to be available here, it must first be shown that defendant's conduct was necessitated by a specific and imminent threat of injury to his person under circumstances which left him no reasonable and viable alternative other than the violation of the law for which he stands charged."
. . . . .
"[T]he threat to defendant's person must be so definite, specific, and imminent as to rise beyond mere speculation."
The People assert that this language of Robertson allows the proscription of the evidence of the prior violence done defendant, his unsuccessful efforts to have the situation remedied by the administrative officials of the penitentiary, and the renewed threats to him. We do not agree with this interpretation of Robertson. Rather, applying the quoted portions of that opinion to the facts of this case, we conclude that here the threats were more than mere speculation, that they were definite, specific, and imminent and that therefore it was error to preclude defendant from testifying about them. And, the evidence of the previous attack and reports to the authorities also were competent evidence, tending to lend credence to the defense, which should have reached the jury.
Trujillo also asserts that because of a long series of delays in bringing him to trial on this offense that he was denied his right to a speedy trial. He was tried within six months of entry of his not guilty plea; therefore, the statute relative to speedy trials was not violated. Section 18-1-405, C.R.S.1973. Furthermore, Trujillo has not sustained his burden of proving that his constitutional right to a speedy trial was denied, because he presented no facts as to the state of the court's docket that would establish that he could have been brought to trial sooner, Rowse v. District Court, 180 Colo. 44, 502 P.2d 422 (1972), and because he *238 has presented no proof that the delay adversely affected his defense, People v. Buggs, 186 Colo. 13, 525 P.2d 421 (1974).
The judgment is reversed and the cause remanded for a new trial.
ENOCH and KELLY, JJ., concur.