600 P.2d 91 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Frank STROCK, Defendant-Appellant.
No. 77-733.
Colorado Court of Appeals, Div. I.
May 3, 1979.
Rehearing Denied June 28, 1979.
Certiorari Granted September 24, 1979.
*92 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David Schwartz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.
COYTE, Judge.
Defendant appeals his conviction of escaping from the Colorado State Penitentiary, contending that the trial court erred in refusing his tendered instructions on the defense of choice of evils, as set out in § 18-1-702, C.R.S.1973 (now in 1978 Repl. Vol. 8). We reverse.
We have previously held that the choice of evils defense is available in a prison escape situation where the prisoner is motivated by a definite, specific, and imminent threat of death or substantial bodily injury. People v. Robertson, 36 Colo.App. 367, 543 P.2d 533 (1975); see also People v. Trujillo, Colo.App., 586 P.2d 235 (1978). Defense testimony here indicated that three men wearing masks and carrying knives attempted to kill the defendant a few nights prior to the escape, that defendant was informed that there was a "contract on his life," and that defendant's cellmates received notes the night of the escape threatening them and the defendant. These facts, if believed by the jury, would show that the defendant was faced with specific and imminent threats mandating a choice of evils instruction.
However, the trial court refused defendant's tendered instruction on choice of evils because the procedure set forth in the choice of evils statute, § 18-1-702(2), C.R.S. 1973, had not been followed. The statute provides:
"When evidence relating to the defense of justification under this section is offered by the defendant, before it is submitted for the consideration of the jury, the court shall first rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a justification."
It is the responsibility of the trial court to assure compliance with § 18-1-702(2), C.R. S.1973. However, noncompliance does not abrogate defendant's right to an instruction on choice of evils after evidence supporting the instruction has been admitted. Under the circumstances of this case, where evidence on the choice of evils defense was presented to the jury, and where the applicability of the choice of evils defense to the factual situation at issue was clearly apparent, the trial court's failure to instruct the jury on this defense was error.
Choice of evils is an affirmative defense covered by § 18-1-407, C.R.S.1973 (now in 1978 Repl. Vol. 8), which provides that once "some credible evidence" is presented to raise a defense, the burden is on the prosecution to disprove the defense beyond a reasonable doubt as to that issue as well as all other elements of the offense. Furthermore, "in a criminal case instructions are erroneous if they exclude from jury consideration an affirmative defense as to which evidence has been received." Griego v. United States, 298 F.2d 845 (10th Cir. 1962). Once the choice of evils evidence was presented to the jury, the jury should have received instructions on its legal significance as an affirmative defense.
Defendant's other assignments of error relate to selection of the jury, and we will address them because of the possibility that they may recur on retrial. The trial court restricted the scope of voir dire by *93 preventing the attorneys from questioning jurors about presumption of innocence, burden of proof, and credibility of witnesses unless there was some indication that the jurors did not understand these concepts. The defendant does not allege that there was any specific instance where voir dire should have been expanded, but contends that the overall effect was to interfere with defendant's ability to exercise intelligently his peremptory challenges. This argument was rejected in People v. Horrocks, 190 Colo. 501, 549 P.2d 400 (1976), wherein the court held that it was not an abuse of discretion for the trial court to limit voir dire questions relating to the law. See also People v. Brake, 191 Colo. 390, 553 P.2d 763 (1976). We have examined defendant's other assignment of error and find it to be without merit.
The judgment of the trial court is reversed and the cause is remanded for a new trial consistent with this opinion.
PIERCE and KELLY, JJ., concur.