**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Frank STROCK, Respondent.**

**No. 79SC269.**

Supreme Court of Colorado, En Banc.

Feb. 2, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarky, Sol. Gen., David Schwartz, Designated Counsel, Denver, for petitioner.

Arcuri & Anderson, Douglas E. Anderson, Colorado Springs, for respondent.

John E. Anderson, Dist. Atty., Canon City, amicus curiae.

ERICKSON, Justice.

Frank Strock was convicted of escape from confinement at the Colorado State Penitentiary. Section 18–8–208(2), C.R.S. 1973 (now in 1978 Repl. Vol. 8). He appealed his conviction to the court of appeals and obtained a reversal and an order that he be granted a new trial. We granted certiorari to review the decision of court of appeals. *People v. Strock*, 42 Colo.App. 404, 600 P.2d 91 (1979). We now reverse the court of appeals and remand to the court of appeals with directions to affirm the judgment of conviction and sentence imposed in the district court.

The defendant's trial in the district court of Fremont County and his appeal to the court of appeals were completed prior to the time that our decision in *People v. Handy*, Colo., 603 P.2d 941 (1979) was an-

nounced. A simple answer to the defendant's claim that he was denied the right to a choice of evils defense would be to declare that he did not comply with the surrender requirements of *People v. Handy, supra.* However, we have elected to address an issue which also foreclosed the defendant from use of the choice of evils defense.

### Facts

The defendant escaped from the Colorado State Penitentiary during the early morning hours of July 27, 1976. He was arrested in Arizona and returned to the penitentiary on September 15, 1976. He did not at anytime prior to his arrest surrender or attempt to surrender to the authorities. Thus, when he reached a position of safety away from the penitentiary he remained at large and did not seek to obtain the assistance of the authorities in resolving the dilemma which allegedly caused him to invoke the self-help remedy of escape.

Testimony during the trial of the escape charges indicated that various threats had been made on the defendant's life and that the defendant had sought protection from the correction authorities. The defendant testified that three men wearing masks entered his dormitory room with the intent to kill him. Other inmates allegedly shouted a warning to the defendant and the intruders left. Later, the defendant and those who escaped with him found notes on their bunks saying that they were as good as dead. The defendant and his companions escaped shortly thereafter.

### Affirmative Defenses

When the escape charges were tried it was apparent that the defense of duress and the companion defense of choice of evils would be invoked to establish necessity for the escape. Both defenses have been recognized by the General Assembly. Section 18-1-702, C.R.S. 1973 (now in 1978 Repl. Vol. 8), provides:

"(1) Unless inconsistent with other provisions of sections 18-1-703 to 18-1-707, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no conduct of the actor, and which is of sufficient gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2) The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder. When evidence relating to the defense of justification under this section is offered by the defendant, before it is submitted for the consideration of the jury, the court shall first rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a justification." (Emphasis added.)

The statutory codification of the choice of evils defense has its roots in the common law doctrine of necessity. *See People v. Robertson*, 36 Colo.App. 367, 543 P.2d 533 (1975). *See also People v. Lovercamp*, 43 Cal.App.3d 823, 118 Cal.Rptr. 110, 69 A.L.R.2d 668 (1975).

Before the choice of evils defense may be invoked, it must first be shown that the defendant's conduct was necessitated by a specific and imminent threat of injury to his person under circumstances which left him no reasonable and viable alternative other than violation of the law for which he stands charged. *People v. Robertson, supra.* Moreover, as a condition to the admission of evidence relating to the choice of evils defense, a proper foundation must be laid as indicated by the underlined wording in the statute. In this case the foundation was not laid for the admission of the choice

of evils defense and the evidence was admitted solely for the purpose of showing duress, which is a closely related affirmative defense.[1]

■ The trial court, in considering the prosecution's objection to evidence relating to the choice of evils, invited defense counsel to lay the proper foundation. No foundation was laid and, as a result, no evidence was admitted for the purpose of showing choice of evils and no instruction was given to the jury. The evidence relating to threats and the defendant's reasons for escape was admitted to establish duress. Section 18–1–708, C.R.S. 1973 (now in 1978 Repl. Vol. 8), provides:

"A person may not be convicted of an offense, other than a class 1 felony, based upon conduct in which he engaged because of the use or threatened use of unlawful force upon him or upon another person, which force or threatened use thereof a reasonable person in his situation would have been unable to resist.

This defense is not available when a person intentionally or recklessly places himself in a situation in which it is foreseeable that he will be subjected to such force or threatened use thereof."

■ Thus, the failure to lay a proper foundation for invocation of the choice of evils defense caused the case to be tried on the affirmative defense of duress, which is also predicated on necessity. *See People v. Lovercamp, supra.*[2] The jury was instructed on the defense of duress and the evidence before them was offered to establish duress. The evidence before the jury was such that some basis existed for doubting the credibility of the defense witnesses and the question of fabrication of the threats was very much in issue.[3]

■ In our view the defendant's rights were fully protected by the trial court and the failure of the trial court to give an instruction on the choice of evils resulted from the election of defense counsel not to lay the foundation required by the statute.

1. MR. FAULK: "I can anticipate what this will be and I'll ask that the jury be excused at this time."
THE COURT: "Will you come to the bench, please, gentlemen?" (Off the record bench conference)
MR. FAULK: "If I may state for the record my objection to this line of questioning. My feeling is that the Court should make its ruling for admissibility before the testimony is admitted pursuant to statute."
THE COURT: "I think that's correct if the witness is going to testify relative to matters in the affirmative defense of choice of evils. Is that what you intend to do, Mr. McDermott?"
MR. McDERMOTT: "I'm not sure."
THE COURT: "Are you laying a foundation for choice of evils, an affirmative defense?"
MR. McDERMOTT: "Choice of evils and duress."
THE COURT: "I think according to statute I have to make a finding out of the presence of the jury."
MR. McDERMOTT: "I'm going into several matters including impeachment of other witnesses."
THE COURT: "If you wish to proceed it's up to you but I'll have to sustain the objection on the self-serving statements."
MR. McDERMOTT: "Yes, sir. I'll attempt to redirect my questions in a different area...."

2. In *People v. Lovercamp*, 43 Cal.App.2d 823, 118 Cal.Rptr. 110 (1975), California established

the following five-tier requirement for admission of evidence of necessity:

"(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
"(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
"(3) There is no time or opportunity to resort to the courts;
"(4) There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and
"(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat." *Id.* at 831–2, 118 Cal.Rptr. 110.

3. Neither duress nor choice of evils serves as a patented protection against an escape charge. Both duress and the choice of evils defense tend to result in the manufacture of evidence of justification for every escape. Convicts have described their efforts to manipulate the corrections system to meet their own ends as "shooting a game." Evidence within the record could have caused the jury to conclude that the defendant's claim was merely "shooting a game." It was well within the province of the General Assembly to require that a preliminary ruling by the court would serve as a prerequisite to invoking the defense of choice of evils.

The jury was properly instructed and reversible error did not occur. Apart from the choice of evils issue, the remaining assertions of error do not merit discussion. Although *People v. Handy, supra*, is dispositive, we have elected to emphasize the difference between duress and choice of evils as affirmative defenses. The defense of choice of evils is very similar to duress and the foundation requirements set forth in the choice of evils statute was intended as a safeguard against abuse of the defense. Duress does not require the foundation that the General Assembly imposed as a condition to invocation of the choice of evils defense. *See United States v. Michelson*, 559 F.2d 567 (9th Cir. 1977); *Stewart v. United States*, 370 A.2d 1374 (D.C.Cir.1977); *People v. Hocquard*, 64 Mich.App. 331, 236 N.W.2d 72 (1975).

Accordingly, we reverse the court of appeals and remand to the court of appeals with directions to affirm the judgment of conviction and sentence entered against the defendant by the District Court of Fremont County.