The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Paul Richard WEISER, Defendant–Appellant.

No. 88CA0772.

Colorado Court of Appeals, Division V.

Sept. 14, 1989.

Rehearing Denied Nov. 9, 1989.

Certiorari Denied March 12, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Jonathan S. Willett, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Paul Richard Weiser, appeals the judgment of conviction and sentence imposed for the offense of driving after judgment prohibited, § 42–2–206, C.R.S. (1984 Repl.Vol. 17). We affirm.

At trial, a Colorado state patrolman testified that on October 30, 1987, at approximately 6:30 p.m., he encountered a van, parked approximately 50 feet off the highway, four miles south of Meeker. The woman inside informed him that she and her four children had been stranded without heat in 40 degree, rainy weather, since 1:00 p.m. The woman indicated that a friend was coming from Grand Junction to help her and that she would wait. The patrolman went on his way.

At 10:00 p.m., he returned and found the van and its passengers still there. The woman gave the patrolman the names of the two persons she had tried to contact. He relayed their names to his dispatcher to attempt another contact. Shortly thereafter, defendant arrived to assist the woman.

The dispatcher had done a routine check on the names given, and this check revealed that defendant's driver's license had been revoked as an habitual traffic offender. Nevertheless, the patrolman waited while defendant tried to repair the van. After these efforts proved unsuccessful, defendant was arrested.

After a hearing, the trial court granted the prosecution's motion *in limine* and held, as a matter of law, that defendant was precluded from presenting evidence concerning the affirmative defense of choice of evils set out in § 18–1–702, C.R.S. (1986 Repl.Vol. 8B). Defendant presented no evidence at trial and was convicted. At sentencing, the trial court found that an emergency existed for the purposes of § 42–2–206(1), C.R.S. (1984 Repl.Vol. 17). Accordingly, it sentenced defendant to 30 days in the county jail and two years probation. This appeal followed.

I.

Defendant first contends that the trial court erred in refusing to permit evidence regarding the affirmative defense of choice of evils. We disagree.

Section 18–1–702(1), C.R.S. (1986 Repl. Vol. 8B) provides:

"[C]onduct which would otherwise constitute an offense is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no conduct of the actor, and which is of sufficient gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

■ Before the choice of evils defense may be invoked, it must first be shown that defendant's conduct was necessitated by a specific and imminent threat of injury under circumstances which left him no rea-

sonable and viable alternative other than violation of the law for which he stands charged. *People v. Robertson*, 36 Colo. App. 367, 543 P.2d 533 (1975). As a condition to admission of the evidence, the court must determine if the facts and circumstances, if established, would constitute a justification as a matter of law. *See* § 18-1-702(2), C.R.S. (1986 Repl.Vol. 8B). *People v. Strock*, 623 P.2d 42 (Colo.1981).

■ At the motion *in limine* hearing, defendant's offer of proof consisted of the following. Defendant and Dana Muller had been living together for a year, with Ms. Muller's four daughters. On the day of the offense, defendant had gone to work in Grand Junction; Muller and her daughters had traveled 100 miles from their home in Grand Junction to Meeker to tear down a hunting camp. Four miles from Meeker, her van broke down. The weather was rainy and cold. Muller had only $3 and no credit cards. Muller walked to Meeker and phoned a friend, who, while unable to aid Muller, said she would contact defendant.

Defendant did not receive word of Muller's plight until almost 8:00 that evening. He then telephoned a friend to drive him to the van, but this effort was unsuccessful. Because it was the Friday before Halloween, and was during hunting season, defendant was concerned that intoxicated, armed sportsmen would cause injury to Ms. Muller and/or her daughters. Moreover, he was aware that one of the children was ill. These circumstances, combined with his knowledge that the van had been stranded in the cold for over seven hours, and his belief that none of his friends were available to assist him, led him to decide to drive the 100 miles to Meeker alone.

The trial court ruled as a matter of law that these facts and circumstances were insufficient to establish a specific, imminent public or private injury. It found that defendant did have a reasonable and viable alternative other than violation of the statute, such as contacting the state patrol, the sheriff, or a tow company. We agree with the trial court and therefore conclude that there was no error.

## II.

Defendant next argues that the court's determination of the nonexistence of an emergency for affirmative defense purposes is inconsistent with its finding at sentencing that an emergency existed under § 42-2-206, C.R.S. (1984 Repl.Vol. 17). Thus, he argues, this inconsistency mandates reversal of his conviction. We find no inconsistency.

Section 42-2-206(1), C.R.S. (1984 Repl. Vol. 17) provides in pertinent part:

"[I]n a case where the defendant establishes that he had to drive the motor vehicle in violation of this subsection (1) because of an emergency, the mandatory prison sentence may not apply, or, where the judge makes specific written findings which detail specific mitigating circumstances in the record that support a lesser sentence, the mandatory prison sentence and the prohibition against the granting of probation shall not apply."

A statute must be read and considered as a whole in order to ascertain the legislative intent in passing it. *People v. District Court*, 713 P.2d 918 (Colo.1986). Every word of a statute must be given effect, to the extent possible, consistent with the intent and purpose of the General Assembly. *Johnston v. City Council*, 177 Colo. 223, 493 P.2d 651 (1972). The court must endeavor to reconcile acts of the General Assembly so that inconsistency is avoided. *Calhan School District No. 1 v. El Paso County*, 686 P.2d 1321 (Colo.1984).

■ The term "emergency" in § 18-1-702 is limited and modified by the terms "imminent public or private injury." In *People v. Robertson, supra*, this court explained that the threat must be so definite, specific, and imminent as to rise beyond mere speculation. If that circumstance exists, and if a defendant is left with no reasonable or viable alternative other than the violation of law, a choice of evils defense is appropriate.

■ In contrast, in *People v. McKnight*, 200 Colo. 486, 617 P.2d 1178 (1980), our supreme court defined emergency in

§ 42–2–206 as "1) an unforeseen combination of circumstances or the resulting state that calls for immediate action; 2) a pressing need."

 Here, the trial court found that the term "emergency" in § 42–2–206 encompasses a broader range of circumstances than those defined in § 18–1–702. We agree with the trial court and conclude that the affirmative defense of choice of evils requires a stricter proof of emergency than that required for sentencing under § 42–2–206, and that the presence of the necessary quantum of evidence to invoke the sentencing options in § 42–2–206 does not mandate allowance of the choice of evils defense in § 18–1–702.

Moreover, the trial court found that other mitigating circumstances existed here. These factors included the absence of evidence that defendant drove while under revocation other than in this instance and defendant's continued sobriety. Therefore, we conclude that the trial court did not abuse its discretion in sentencing. *See* *People v. Silva*, 782 P.2d 846 (Colo.App. 1989.)

Judgment and sentence affirmed.

REED and RULAND, JJ., concur.