The PEOPLE of the State of Colorado, Petitioner,

v.

James R. DOVER, Respondent.

No. 89SC448.

Supreme Court of Colorado, En Banc.

April 30, 1990.

Donald E. Mielke, Dist. Atty., and Donna Skinner Reed, Sr. Deputy Dist. Atty., Golden, for petitioner.

Respondent not appearing.

Justice ERICKSON delivered the Opinion of the Court.

The Jefferson County Court found the defendant, James R. Dover, not guilty of speeding in violation of section 42–4–1001(1), 17 C.R.S. (1989 Supp.). The county court found that the prosecution proved beyond a reasonable doubt that the defendant was driving eighty miles per hour in a fifty-five mile per hour zone. However, the county court also found that the defendant, who is a lawyer, was not guilty on the grounds that his speeding violation was justified because he was late for a court hearing in Denver as a result of a late hearing in Summit County. *See* § 42–4–1001(8)(a), 17 C.R.S. (1989 Supp.).

The district court, on appeal,[1] found that the record supported the order of the county court and affirmed the finding of the county court that an emergency justified the speeding violation. We granted certiorari and, since jeopardy has attached, reverse the district court and disapprove the ruling of the county court finding that an emergency justified the defendant's violation of section 42–4–1001(1).

In the county court, the State Patrol officer who issued the summons testified that he determined both with his radar equipment and with his speedometer that the defendant was traveling in excess of eighty miles per hour in a posted fifty-five mile per hour zone. The officer testified that the defendant, after he was pulled over, stated that he was in a hurry and offered no further explanation. The defendant conceded that he had exceeded fifty-five miles per hour before he was pulled over, but claimed that he was driving at a speed that was reasonable and prudent under the circumstances. In addition, he stated that he had been in a hearing in Summit County the morning he was pulled over, and that the hearing had taken longer than expected. He said that as a result of the late adjournment of the hearing in Summit County, he was late for a "court matter" in Denver. The county court found that the prosecution proved the statutory violation of section 42–4–1001(1) beyond a reasonable doubt but that speeding was justified due to an emergency and found the defendant not guilty. The district court affirmed, holding that the decision of the county court was supported by evidence in the record.

■ Section 42–4–1001(8)(a) provides:

The conduct of a driver of a vehicle which would otherwise constitute a violation of this section is justifiable and not unlawful when:

(a) It is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no conduct of

said driver and which is of sufficient gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the consequences sought to be prevented by this section....

No case law interpreting section 42–4–1001(8)(a) exists. The district court treated the justification defense provided by section 42–4–1001(8)(a) as an affirmative defense subject to the provisions of section 18–1–407, 8B C.R.S. (1986), which provides:

(1) "Affirmative defense" means that unless the state's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, shall present some credible evidence on that issue.

(2) If the issue involved in an affirmative defense is raised, then the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense.

An affirmative defense is essentially an admission of the crime charged, but seeks to justify, excuse or mitigate the defendant's conduct. *People v. Huckleberry*, 768 P.2d 1235, 1238–39 (Colo.1989). Section 42–4–1001(8)(a) tracks the language of section 18–1–702(1), 8B C.R.S. (1986), the statutory codification of the "choice of evils" or necessity defense. Because section 42–4–1001(8)(a) excuses violation of section 42–4–1001(1) and since the language of section 42–1–1001(8)(a) is similar to section 18–1–702(1), we conclude that the General Assembly intended that the emergency justification defense provided by section 42–4–1001(8) be an affirmative defense.

■ The existence of an affirmative defense is a question to be determined by the trier of fact. *See People v. Ford*, 193 Colo. 459, 462, 568 P.2d 26, 28–29 (1977). Where the trial court is the trier of fact, its factual findings are binding on appeal if adequately supported by the record. *Page v. Clark*, 197 Colo. 306, 313, 592 P.2d 792, 796 (1979). The issue is whether the defen-

---

1. The prosecution appealed from the county court to the district court pursuant to section 16–12–102(1), 8A C.R.S. (1986), and Crim.P. 37(a).

dant presented sufficient evidence to allow the defense to be considered by the trier of fact and to require the prosecution to prove that the defendant was not justified in violating section 42–4–1001(1)(a). *See* § 18–1–407.

■ The quantum of evidence required as a foundation for an affirmative defense is not great. "Some credible evidence" must be introduced. Section 18–1–407(1). Although there is no case law interpreting section 42–4–1001(8)(a), cases interpreting section 18–1–702(1) require a defendant, in order to raise the statutory choice of evils defense, to show a specific threat of injury and no reasonable alternative other than commission of the offense. *People v. Strock*, 623 P.2d 42, 44 (Colo.1981); *People v. Handy*, 198 Colo. 556, 559, 603 P.2d 941, 943 (1979).[2] Because the language of the two statutes is nearly identical, we conclude that the General Assembly intended that defendants who assert the emergency justification defense provided by section 42–4–1001(8)(a) must present some credible evidence as to a specific threat of injury and no reasonable alternative other than violation of section 42–4–1001(1).

■ In this case, the defendant did not meet the foundational requirements of section 42–4–1001(8)(a). He merely testified that he was driving to Denver for a "court matter" and that he was late because of the length of a hearing in Summit County. No other evidence as to the existence of emergency as a justification for speeding was presented. The defendant did not present evidence as to the type or extent of the injury that he would suffer if he did not violate section 42–4–1001(1). He also failed to establish that he did not cause the situation or that his injuries would outweigh the consequences of his conduct.

The record does not include evidence to establish a sufficient foundation to invoke the emergency justification defense provided by section 42–4–1001(8)(a). Since the defendant did not lay a proper foundation as to the existence of the defense, the prosecution was not required to prove beyond a reasonable doubt that the defendant was not justified in violating section 42–4–1001(1). Section 18–1–407(2). The county court erred by finding the defendant not guilty because the defendant's speeding was justified because of an emergency. Section 42–4–1001(8)(a). Accordingly, we reverse the district court and disapprove the ruling of the county court.

---

2. Both *Strock* and *Handy* involved the statutory choice of evils defense, section 18–1–702. Section 18–1–702 contains a foundational requirement that the trial court must first rule as a matter of law that the defendant's claims, if established, would constitute a justification. Section 18–1–702(2). This foundational requirement is applicable only to section 18–1–702 and not to other statutory affirmative defenses. *See People v. Strock*, 623 P.2d 42, 45 (evidence was admissible to show duress but not choice of evils pursuant to section 18–1–702, since a foundation for the choice of evils defense was not laid). However, the elements necessary to show justification under section 18–1–702 are the same as under section 42–4–1001(8)(a), only the foundational requirements are different. *Id.* *See also Bailey v. People*, 630 P.2d 1062, 1068–69 (Colo.1981) (defense of duress unavailable unless defendant shows specific and imminent threat of injury with no reasonable alternative other than commission of the crime charged).