The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

David C. **HAYS,** Defendant–Appellant.

No. 89CA1511.

Colorado Court of Appeals, Div. C.

Feb. 14, 1991.

Rehearing Denied March 14, 1991.

Certiorari Granted Sept. 16, 1991.

Motion to Dismiss Appeal Granted Nov. 19, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Justice HODGES *.

Defendant, David C. Hays, appeals the sentence imposed following his guilty plea to attempted second degree assault. Specifically, defendant argues that he is entitled to credit for presentence confinement from his arrest on May 8, 1989, to his sentencing on August 17, 1989. We disagree with defendant's contention and, therefore, affirm.

When arrested, the defendant was on parole. Section 16–11–306, C.R.S. (1990 Cum.Supp.), effective July 1, 1988, provides:

> "If a defendant is serving a sentence or is on parole for a previous offense when he commits a new offense and he continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section shall be granted against the sentence the defendant is currently serving for the previous offense and *shall not be granted against the sentence for the new offense.*" (emphasis added)

■ A statute must be read and considered as a whole in order to ascertain the legislative intent in passing it, *People v. District Court*, 713 P.2d 918 (Colo.1986), and every word must be given effect consistent with that intent. *People v. Weiser*, 789 P.2d 454 (Colo.App.1989).

■ The present offense occurred on May 8, 1989, and thus, it is subject to the provisions of § 16–11–306 quoted above. Since defendant was on parole when he committed this offense, he continued to serve the sentence for the previous offense while charges in this offense were pending whether he was in or out of physical confinement. *See People v. Lucero*, 772 P.2d

58 (Colo.1989) (a defendant's release on parole in no way alters the fact that he is still under sentence.) Accordingly, he may not receive presentence confinement credit for incarceration based on the new offense.

■ Nevertheless, defendant argues that, under *Torand v. People*, 698 P.2d 797 (Colo.1985), he is entitled to credit because his parole had not been revoked. However, *Torand* was decided before the 1988 amendment to § 16–11–306 and that statute as amended does not require that a defendant's parole be revoked before credit is given for presentence confinement. Moreover, the amended statute specifically allows for credit against the sentence defendant was serving at the time he was arrested on the current offense. Therefore, we conclude that defendant was not entitled to presentence confinement credit for the current offense.

Sentence affirmed.

STERNBERG, C.J., and KELLY *, J., concur.