The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jason T. NORTON, Defendant–Appellant.

No. 00CA0352.

Colorado Court of Appeals, Div. II.

Dec. 20, 2001.

Rehearing Denied Jan. 17, 2002.

Certiorari Granted June 24, 2002.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Christopher H. Gehring, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Jason T. Norton, appeals the judgment denying presentence confinement credit on the sentence imposed following his plea of guilty to attempted escape. We reverse in part, vacate in part, and remand for correction of the mittimus and an award of presentence confinement credit.

Following 1997 convictions for criminal trespass and vehicular eluding, defendant was sentenced to two consecutive two-year prison terms. In July 1998, defendant was placed on mandatory parole. In early September 1999, defendant left his area of confinement without notifying his parole officer. Consequently, defendant was charged with escape. Bond in the amount of $10,000 was set, and a parole hold was placed on defendant. In January 2000, defendant agreed to plead guilty to attempted escape in exchange for a stipulated sentence of eighteen months in the Department of Corrections, to be served consecutively to the previous sentences for which he had been on parole. The trial court accepted the plea. Defendant's parole on the previous charges was not revoked during this time.

In mid-November 1999, defendant made his first appearance on the escape charge and remained incarcerated from that time until January 24, 2000, when the court imposed the eighteen-month sentence (approximately sixty-nine days). Defendant requested presentence confinement credit against the eighteen-month attempted escape sentence. The prosecution opposed the request. After a sentencing hearing, the trial court sentenced defendant to eighteen months and refused to award him any presentence confinement credit.

### . I.

Defendant contends that the trial court erred in refusing to apply presentence confinement credit to his sentence for attempted escape. We agree.

■ Where possible, a court must construe statutes harmoniously and avoid interpretations that result in inconsistency. *Riley v. People,* 828 P.2d 254 (Colo.1992). Any doubt regarding the construction of a penal statute must be resolved in the defendant's favor. *People v. Hale,* 654 P.2d 849 (Colo. 1982).

Credit for presentence confinement is governed by § 16–11–306, C.R.S.2001, which provides in pertinent part:

A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his sentence for the entire period of such confinement. . . . If a defendant is serving a sentence or is on parole for a previous offense when he commits a new offense and he continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense.

Once paroled, a mandatory parolee has discharged his prison sentence as a matter of law. Section 18–1–105(1)(a)(V)(D), C.R.S. 2001. However, the mandatory parole period is a component of an offender's sentence. *Craig v. People,* 986 P.2d 951 (Colo.1999).

■ When a parolee is returned to custody, the time between his or her release and return to custody is not considered part of the term of the sentence. Section 17–22.5–203(1), C.R.S.2001. "Return to custody" means the time at which parole is revoked, not the time at which the defendant is reincarcerated. *Wiedemer v. People,* 784 P.2d 739 (Colo.1989).

■ For a defendant to be given credit for presentence confinement, that confinement must be a result of the same transaction for which he or she is to be sentenced. *People v. Saiz,* 660 P.2d 2 (Colo.App.1982). Time spent incarcerated prior to parole revocation should be credited to the new offense, and not the sentence for which the defendant was on parole. *See Wiedemer v. People, supra.*

In *Wiedemer,* the defendant was convicted of charges that occurred while he was on parole. The defendant was incarcerated while the new charges were pending, but his parole was not revoked for more than one month. The supreme court relied on § 17–22.5–203(1), C.R.S.2001, and the Department of Corrections' interpretation that "return to custody" occurs when parole is revoked, to conclude that the time spent incarcerated prior to parole revocation should be credited

to the new offense. *Wiedemer v. People, supra.*

■ Here, defendant was incarcerated pursuant to an arrest warrant on the escape charge. Defendant remained incarcerated from the date of his first appearance until he was sentenced on the new offense. Defendant's parole was not revoked at any time prior to the January 24, 2000 sentencing on the attempted escape charge. Thus, defendant was not "returned to custody" for the previous offenses for which he was on parole. Until such time as defendant's parole was revoked and he resumed service on the previous offenses, the pending attempted escape charge was the substantial cause of defendant's incarceration. Hence, defendant's confinement was a direct result of the same transaction from which the eighteen-month attempted escape sentence flowed.

Additionally, by operation of statute, any time defendant spent incarcerated prior to actual revocation of his parole is not considered part of the term of his sentences on his previous offenses. *See* § 17–22.5–203(1). Accordingly, prior to parole revocation, defendant could not, for purposes of § 16–11–306, be deemed to have been serving his sentences on the previous offenses during the time he was incarcerated.

We are aware that another division of this court reached an opposite result on this issue in *People v. Hays*, 817 P.2d 546 (Colo.App. 1991). However, review of that decision reveals that the division did not consider *Wiedemer v. People, supra,* or the interplay between §§ 16–11–306 and 17–22.5–203(2).

When construed together, §§ 16–11–306 and 17–22.5–203 create ambiguity as to where the required presentence confinement credit should attach. By statute, defendant is entitled to credit for the time spent in confinement. *See* Section 16–11–306. Notwithstanding the § 16–11–306 requirement that such credit be applied toward previous sentences that the defendant continues to serve, § 17–22.5–203 bars credit from being applied for time spent incarcerated prior to parole revocation.

We are mindful of the principles of statutory construction that require us to attempt to harmonize the two statutes and resolve any ambiguity in defendant's favor. Therefore, we conclude that because § 17–22.5–203 excludes confinement time between release and revocation from a parolee's sentence, defendant cannot be considered to have been continuing to serve his sentence for the previous offenses. Accordingly, presentence confinement credit must attach to the attempted escape sentence for the time defendant was incarcerated.

## II.

Defendant also contends that the mittimus erroneously reflects that he pled guilty to escape, a class three felony, rather than attempt to commit escape, a class five felony. We agree, and the People concede the point.

The judgment denying presentence confinement credit against the attempted escape conviction is reversed, and the case is remanded with instructions to calculate presentence confinement credit in accordance with this opinion. The judgment of conviction for the crime of escape reflected on the mittimus is vacated, and the case is remanded with directions to enter judgment and sentence on a conviction for attempted escape and to issue a corrected mittimus.

Chief Judge HUME and Judge CASEBOLT concur.