RENDERED: JUNE 30, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0199-MR

MARK EDWARD ALLEN                                          APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.         HONORABLE JOHN GRISE, JUDGE
ACTION NO. 20-CR-00459

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND McNEILL, JUDGES.

McNEILL, JUDGE: A jury convicted Mark Allen on one count of being a felon in

possession of a handgun and being a persistent felony offender ("PFO"), first

degree.[1] He now appeals his conviction. We affirm.

On May 13, 2020, Tabitha Dail was staying at a hotel in Bowling

Green, Kentucky. She was at the end of a relationship with Allen, who came to the

---

[1] The jury recommended a sentence of seven years' incarceration, enhanced to ten years' by the
PFO conviction. The trial court sentenced Allen in accordance with the jury's recommendation.

room to retrieve his belongings. The testimony at trial regarding the events that followed differed greatly between Dail and Allen. According to Dail, Allen pushed his way into the room and the two began to argue when she refused to give him a ride. The argument turned physical, and Allen pushed Dail onto the bed, striking her head against a bedside table. Dail testified Allen then grabbed her by the neck. She stated she saw a gun on Allen's side and it remained there until he left. Hotel staff called the room and told Dail they called the police. At that point, Allen left the hotel. Dail refused medical treatment and police officers later testified they did not recall seeing injuries on her.

Allen was apprehended a short distance away, and police found the gun in his armpit, where he was keeping it held against his body. Two bags of ammunition were also found in his pockets. Allen told police the gun was not his and that Dail must have put it in his coat (*i.e.*, that he was framed by Dail). Allen was arrested, charged, and later indicted for assault, fourth degree; possession of a handgun by a convicted felon; promoting contraband; and PFO, first degree.

At trial, Allen testified Dail accused him of being in a relationship with another woman and was jealous. His version of events was that, when he went to the hotel to retrieve his belongings, Dail was distraught and she was the one who pulled a gun on him, threatening to harm herself or him. Allen denied physically assaulting Dail, but testified he took the gun from her hand and left with

it out of fear Dail would harm herself or others after he left. He admitted he lied to police about the gun on the night of the incident.

At the close of the Commonwealth's proof, and again at the close of all proof, Allen moved for a directed verdict on all counts. The trial court granted a directed verdict on the charge of promoting contraband. The jury convicted Allen of being a felon in possession of a handgun and acquitted him on the charge of assault, fourth degree. Allen was also convicted of being a PFO, first degree. The trial court entered judgment and sentence on January 24, 2022. This appeal followed.

Allen makes two arguments to this Court. The first is that the trial court erred in not granting his motion for directed verdict; the second is the charge of being a felon in possession of a handgun should have been tried separately from the other charges.

Turning to Allen's first argument,

> [t]he test for a directed verdict on appellate review is, "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then [is] the defendant . . . entitled to a directed verdict of acquittal." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). On a motion for directed verdict, the trial court must take the evidence in the light most favorable to the opposing party and assume all evidence presented as true, leaving questions of weight and credibility to the jury. *Baker v. Commonwealth*, 973 S.W.2d 54, 55 (Ky. 1998). To survive a motion for directed verdict, the opposing party must have presented evidence of substance, more

than a mere scintilla of evidence. *Commonwealth v. Sawhill*, 660 S.W.2d 3, 5 (Ky. 1983).

*Biederman v. Commonwealth*, 434 S.W.3d 40, 47-48 (Ky. 2014).

At trial, Allen's basis for his motion for directed verdict was that the gun did not have a magazine and testimony from the police officers differed as to whether the gun had a magazine when it was test-fired. Allen does not repeat that argument to this Court. Rather, he argues he was entitled to a directed verdict based on "choice of evils" pursuant to Kentucky Revised Statute ("KRS") 503.030. He contends this argument is unpreserved and asks for palpable review under Kentucky Rule of Criminal Procedure ("RCr") 10.26.

KRS 503.030, entitled "Choice of Evils," is an affirmative defense

> which has its roots in the common law doctrine of necessity, [and] has long been recognized as a defense to a charge predicated upon an act which otherwise would be criminal. *See* 21 Am.Jur.2d *Criminal Law* Section 14.8, page 283; *Nall v. Commonwealth*, 208 Ky. 700, 271 S.W. 1059 (1925). This defense has been codified in Kentucky by KRS 503.030 which reads in pertinent part:
>
>> ". . . [C]onduct which would otherwise constitute an offense is justifiable when the defendant believes it to be necessary to avoid an *imminent public or private injury* greater than the injury which is sought to be prevented by the statute defining the offense charged . . . ." (Emphasis added).
>
> For this defense to be available here or in justification of any act which is otherwise condemned by the Criminal Code, it must be shown that defendant's conduct was

-4-

necessitated by a specific and imminent threat of injury to his person under circumstances which left him no reasonable and viable alternative, other than the violation of the law for which he stands charged. *See People of the State of Colorado v. Robertson*, 36 Colo. App. 367, 543 P.2d 533 (1975).

*Senay v. Commonwealth*, 650 S.W.2d 259, 260 (Ky. 1983).

Allen's "choice of evils" defense played a prominent role in the trial, so it is perplexing to this Court that he now seeks palpable error review. While not presented to the trial court in the context of a motion for directed verdict, defense counsel successfully argued for approximately ten minutes for its inclusion in the jury instructions. Indeed, the "choice of evils" defense appears in Instruction No. 3. Defense counsel also addressed it in his closing argument to the jury, asserting that, yes, Allen had possession of the gun, but he had taken it from Dail, as a "choice of evils" to prevent her from harming herself or others. In short, the defense was presented to, and rejected by, the jury. We discern no reason to disturb the jury's verdict.[2]

Allen next argues that the charge of possession of a handgun by a convicted felon should have been tried separately from the other charges. This argument is unpreserved and Allen again asks for palpable error review pursuant to

---

[2] The Commonwealth interprets Allen's brief as also arguing it did prove possession. We disagree. No argument is made to that end in the brief, although Allen does set out the necessary elements of possession of a handgun by a convicted felon. Moreover, it would be incongruous with his argument that he *did* possess the gun, but under a "choice of evils" defense.

RCr 10.26. "Appellate courts review[ ] unpreserved claims of error on direct appeal only for palpable error. To prevail, one must show that the error resulted in manifest injustice." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021) (internal quotation marks omitted). "Manifest injustice is error [that] so seriously affect[s] the fairness, integrity, or public reputation of the proceeding as to be shocking or jurisprudentially intolerable." *Iraola-Lovaco v. Commonwealth*, 586 S.W.3d 241, 245 (Ky. 2019) (internal quotation marks and citation omitted).

The Kentucky Supreme Court has "made clear that a firearm charge is required to be severed from other charges to avoid the prejudice that necessarily arises from a jury learning of a defendant's otherwise inadmissible criminal history when considering guilt or innocence on other charged offenses." *Wallace v. Commonwealth*, 478 S.W.3d 291, 303 (Ky. 2015). Allen was either acquitted or granted a directed verdict on all charges except for being a convicted felon in possession of a handgun and the PFO. The jury was clearly not prejudiced by his criminal history because they acquitted him of the assault charge. There was no manifest injustice.

Accordingly, the judgment of the Warren Circuit Court is affirmed.


ALL CONCUR.

BRIEF FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky