**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Darren Gene SMITH,**
**Defendant–Appellant.**

**No. 87CA1616.**

Colorado Court of Appeals,
Div. III.

Oct. 19, 1989.

Rehearing Denied Nov. 24, 1989.

Certiorari Denied April 23, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. and Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

The defendant, Darren Gene Smith, appeals the judgment of conviction of first degree murder and second degree assault entered upon a jury verdict. The sole issue is whether the trial court erred in admitting the out-of-court statements of two non-testifying witnesses in violation of the confrontation clauses of the United States and Colorado constitutions. We reverse and remand for a new trial.

The events preceding the murder and assault are undisputed. The defendant and two companions, Thomas and Moss, were walking past the victim's residence when an argument developed between them and the victim. The argument escalated to a point at which the victim obtained a gun and fired it into the ground. Defendant and his companions left the scene.

Later that evening, a man jumped out from behind an adjoining building and fired three rounds from a sawed-off shotgun. Two rounds killed the victim and one round struck a juvenile in the leg and foot.

Initially, the juvenile told the investigating officers that he had not seen the shooter, but four days later he identified defendant as the shooter. Defendant challenged the credibility of the identification because it was dark at the time of the shooting and the juvenile conceded that he had dropped to the ground as soon as the shooting began.

Moss was interviewed approximately two weeks after the homicide. Initially, he denied any involvement in the shooting. However, the investigating officer falsely represented that Thomas had told the officer that Moss and defendant returned to the victim's residence following the initial argument. Moss then gave the officer an oral statement. A portion of Moss' statement was admitted as evidence in defendant's trial.

Thomas also denied any involvement in the shooting until he was advised of Moss' statement. He then gave the officers a lengthy statement which was recorded on video tape. Part of that video tape was also admitted into evidence.

The portions of the Moss and Thomas statements admitted into evidence were consistent in asserting that: there was an argument with the victim at the victim's residence; there was subsequently an agreement among the three individuals to shoot the victim; and they all drove with a sawed-off shotgun to a place near the victim's residence.

Not admitted into evidence were those portions of the statements made by Thomas and Moss which were in conflict as to who left the automobile with the shotgun, and who actually fired the shotgun. Thomas' statement implicated the defendant as the shooter, and Moss' statement implicated Thomas as the individual who had the shotgun when Thomas and defendant left the vehicle.

Codefendants Thomas and Moss ultimately pleaded guilty to second degree murder and received an agreed sentence. Each refused to appear and testify at defendant's trial. The trial court redacted the statements previously made by Thomas and Moss, admitting those portions that were in agreement and excluding the portions that were in conflict.

Defendant contends that admission of these unsworn, out-of-court statements violated the confrontation clauses of the United States and Colorado constitutions. We agree.

■ The right to confront and cross-examine witnesses is primarily a functional right that promotes reliability in criminal trials. *See California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The truth-finding function of the confrontation clause is threatened when the confession of another is introduced against a criminal defendant without the benefit of cross-examination. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

However, the United States Supreme Court has ruled that if an unavailable witness' proffered out-of-court statement bears sufficient indicia of reliability, then admission of that hearsay statement does not violate the confrontation clause of the Sixth Amendment. *See Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

In *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986), the court concluded that a codefendant's confession, which implicated the defendant, lacked sufficient indicia of reliability to overcome a presumption of untrustworthiness.

The *Lee* court rejected the argument that the codefendant's statements were reliable because the defendant's confession and the codefendant's confession "interlocked" on some points. There, the Supreme Court recognized that, if a confession by a codefendant is identical in all material respects to that of a defendant, then the likelihood that they are accurate is significantly increased:

"But a confession is not necessarily rendered reliable simply because *some of the facts* it contains 'interlock' with the facts in *the defendant's statement.*... The true danger inherent in this type of hearsay is, in fact its selective reliability.... If those portions of the codefendant's purportedly 'interlocking' statement which bear to any significant degree on the defendant's participation in the crime are not *thoroughly substantiated by the defendant's own confession,* the admission of the statement poses too serious a threat to the accuracy of the verdict to be countenanced by the Sixth Amendment. In other words when the discrepancies between the statements are not insignificant, the codefendant's confession may not be admitted." (emphasis supplied)

*Lee v. Illinois,* 476 U.S. at 545, 106 S.Ct. at 2064. *See also Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987).

In *Lee,* a joint trial in which the statements of defendant and codefendant were in substantial agreement, the material discrepancies between the statements were found to negate the indicia of reliability created by their interlock.

Here, the defendant made no statement with which the statements of the codefendants could be compared. Also, defendant was not tried with the codefendants whose out-of-court statements were admitted.

In a joint trial in which the declarant is a defendant, the declarant's statement would be admissible against the declarant but for the violation of the confrontation clause as to the other defendant in the same trial. *See Bruton v. United States, supra.* In *Lee,* the court ruled that this bar to the evidence may be avoided in a joint trial if the other defendant has made a statement which is substantially identical to declarant's statement.

Here, we have the statements of two codefendants, neither of whom was on trial with defendant, for which there is no initial rationale for admissibility. We therefore conclude that their substantial interlock would not create admissibility.

Moreover, here as in *Lee,* the discrepancies between the codefendant's statements preclude their admission in defendant's trial.

In *Lee,* as here, the confession was elicited only after the witness was told that the codefendant had already implicated him, and there was no contemporaneous cross-examination or its equivalent as in *Ohio v. Roberts, supra.* Also, the out-of-court statement of Thomas demonstrates that he was attempting to curry favor with the police.

■ As noted in *Lee,* a codefendant's statement which implicates the defendant in the crime is presumptively unreliable because such a statement may be the product of a codefendant's desire to shift or spread blame, curry favor, or to divert attention to another. That presumption becomes more pronounced if, as here, the witness' statement is in response to police advice that he has been implicated by another. "[A] reality of the criminal process . . . [is] that once partners in a crime recognize that the 'jig is up,' they tend to lose any identity of interest and immediately become antagonists, rather than accomplices." *Lee v. Illinois,* 476 U.S. at 544, 106 S.Ct. at 2064.

The original statements of Moss and Thomas are more significantly diverse than were those in *Lee.* Hence, under the rationale of *Lee* they are insufficiently reliable to be admissible. Further, the trial court's attempt to eliminate those areas of divergence by redacting the statements added nothing to their "indicia of reliability."

■ We conclude that the trial court erred in interpreting *Lee* as authorizing admission of the redacted statements. First, since Moss and Thomas were not on trial with defendant and since defendant had made no statement with which the statements of Moss and Thomas could interlock the statements are not admissible. Second, because of the significant discrepancies in the two statements, the *Lee* ruling would prohibit their admissibility. Furthermore, a redaction of the confessions to eliminate the discrepancies does not create trustworthiness. The discrepancies support, rather than rebut, the presumption that codefendants' confessions are not trustworthy.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.

CRISWELL, J., concurs.

RULAND, J., dissents.

Judge RULAND dissenting.

I respectfully dissent.

In determining whether admission of hearsay testimony violates the confrontation clause contained in *Colo. Const.* art. II, § 16, our supreme court has considered decisions of the United States Supreme Court persuasive, *see People v. Dement,* 661 P.2d 675 (Colo.1983), and those decisions, of course, govern interpretation of the Sixth Amendment.

In *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986), both the majority and the dissent assume that hearsay statements are admissible if the declarant is unavailable and the stringent requirement of reliability is satisfied. This is so even though the statements are the product of post-arrest interrogation.

*Lee* and other recent decisions of the Supreme Court have been criticized because trial courts have been given "almost no guidance for evaluating the reliability of the content of the hearsay." *See* Kirst, *The Procedural Dimension of Confrontation Doctrine,* 66 Neb.L.Rev. 485 (1987). However, in my view the hearsay statements here satisfy the criteria applied by this court in *People v. Moore,* 693 P.2d 388 (Colo.App.1984). Other indicia of reliability also appear in the record. Thus, I conclude the statements were properly admitted for the following reasons.

The admitted statements, after redaction, are identical in all respects material to this case. The statements were made a relatively short time after the homicide occurred. Leading questions were not used.

The statements identify the declarants and the defendant as complicitors to the charged offense. The statements are clearly against the penal interest of each of the declarants because the statements would have been probative in a trial against them as complicitors. *See* CRE 804(b)(3). Indeed, Thomas was required to explain during the video interview why he had lied to the investigating officers during the initial interview.

No plea bargain had been entered into at the time the statements were made. Each declarant had been fully advised of his *Miranda* rights. Further, there is no basis in the record to suggest that the declarants

had conferred before making the statements in order to insure that their statements were consistent. Each of the declarants was interviewed separately.

Other evidence establishes the reliability of the statements. Those parts of the statements which describe the altercation with the victim were corroborated by other eyewitness testimony presented at trial.

In addition, the homicide occurred within a short time after the initial argument between defendant and the victim. One may infer, based upon the sequence of events during the argument and especially the victim's use of a firearm, that the defendant and the declarants would likely retaliate. Each of the declarants stated that the declarants and the defendant had possession of a sawed-off shotgun in the automobile. The murder weapon was in fact a shotgun.

I am unable to agree with the majority's conclusion that redaction of the statement in order to obtain an interlock defeats the indicia of reliability which appear in the record. Moreover, I note that the trial court offered defendant the option of admitting the inconsistent parts of the statements and defendant elected not to do so.

Finally, even assuming that redaction is not permissible, I view the error as harmless. If the jury convicted the defendant based upon the juvenile's eyewitness identification, admission of the declarants' statements had no bearing on the outcome. On the other hand, if, as is more likely the case, the jury's verdict was based upon complicity, the inconsistent portions of the statements did not bear on that issue. Indeed, the precise identity of the complicitor that pulled the trigger is without significance as to the crimes charged, and that extraneous point is the only substantial disparity between the two statements.

Hence, because the uncontroverted evidence presented at trial would amply support a conclusion by the jury that defendant was an active participant in the murder, I would affirm the judgment of the trial court.