Opinion by
Donald P. Smith, District Judge.*
Defendant, Cecil Habbord, was arrested in Florida and returned to Colorado pursuant to a warrant issued from the County Court of Larimer County on September 8, 1967, charging him with the offense of “larceny” under C.R.S. 1963, 40-5-2, committed on August 29, 1967. The crime of “larceny” had been redesignated by the legislature as “theft” by an amendment of 40-5-2 which became effective July 1, 1967. Accordingly, a second information, dated January 18, 1968, charging “grand theft” under 1967 Perm. Supp., C.R.S. 1963, 40-5-2 was filed, and on May 17, 1968, a second count charging “second-degree burglary” was filed. At the opening of trial on June 6, 1968, the People elected to proceed on Count II only. The jury returned a guilty verdict on that count.
'Defendant alleges four grounds for reversal:
1. That because he was arrested in Florida and re *419 turned to Colorado on a warrant charging the nonexistent crime of larceny, his extradition is invalid and the court had no jurisdiction over his case;
2. That the defendant’s arrest, trial and conviction on a felony charge, brought by direct information, without a grand jury indictment or judicial determination of the existence of probable cause, was a denial of due process of law pursuant to the federal and state constitutions;
3. That defendant’s confession was obtained without prior adequate advisement pursuant to the rules announced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and was thus improperly received in evidence; and,
4. That the evidence adduced at trial was insufficient to support a guilty verdict.
I.
We find no merit in defendant’s argument that, because the warrant on which his extradition rested was invalid, the trial court had no jurisdiction over his case.
This court in DeBaca v. Trujillo, 167 Colo. 311, 447 P.2d 533, in ruling on this issue, stated:
“It is clearly established'that once jurisdiction over the person of the accused is established in a criminal case, the court before which he is arraigned has power to adjudicate the questions raised by the charge and the pleas entered thereon. How, or under what circumstances, the accused came into the jurisdiction of the court is immaterial and has no bearing upon the power of the court to try the issues presented.”
In Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, where the defendant claimed he had been forcibly abducted and taken from one state to be tried in another, the court held that his conviction in a court of the latter state was not invalid under the Fourteenth Amendment. Also, see People v. Griffith, 130 Colo. 475, 276 P.2d 559; Ryan v. Tinsley, 182 F.Supp. 130, affirmed *420 276 F.2d 208, appeal dismissed 361 U.S. 538, 80 S.Ct. 617, 4 L.Ed.2d 539, rehearing denied 362 U.S. 937, 80 S.Ct. 758, 4 L.Ed.2d 752. The defendant was fully “apprised of the charges against him”; in fact, he was tried on a second-degree burglary count, a count filed several months subsequent to his return to Colorado.
II.
Although defendant has advanced several arguments contesting the validity of bringing a charge by direct information, suffice it to say that this practice has long been approved in Colorado. In Holt v. People, 23 Colo. 1, 45 P. 374, this court stated:
“The evils suggested by counsel for plaintiff in error that might result from groundless and malicious prosecutions are no more to be apprehended under a system that requires the sanction of the district court for the filing of an information upon such affidavit than where the same is permitted to be done only after examination before a justice of the peace, since it guarantees that the existence of probable cause shall be judicially determined by an impartial tribunal, before a charge can be preferred.”
Rule 7 of the Colorado Rules of Criminal Procedure provides for bringing a charge by direct information and this court has repeatedly held such procedure not to be in violation of either the state or federal constitutions.
III.
Under the standards set forth in Miranda v. Arizona, supra, the defendant was fully advised of his rights in this case and the trial court properly admitted his statement into evidence. The trial court found, on sufficient evidence, that the defendant was properly advised, that there was no coercion of any kind used, and that the statement was freely and voluntarily given.
IV.
The statement of the defendant, as well as other competent evidence adduced at trial, was sufficient to *421 justify the jury in returning a verdict of guilty. Where there is such competent and sufficient evidence before the jury, this court will not substitute its judgment for that of the jury. See Ruark v. People, 157 Colo. 320, 402 P.2d 637 (1965), one of the more recent in a long line of cases to this effect.
Judgment affirmed.
Mr. Justice Kelley, Mr. Justice Lee and Mr. Justice Erickson concur.

 District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.