## No. 24851

### Gerald Lee Salas v. The People of the State of Colorado
(509 P.2d 586)

Decided April 30, 1973.                    Rehearing denied May 21, 1973.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for defendant in error.

Opinion by MR. JUSTICE LEE.

Plaintiff in error, Gerald Lee Salas, was convicted of second-degree murder in the Denver district court and sentenced to the state penitentiary. We find no reversible error and therefore affirm the judgment of conviction.

Salas (defendant) pled not guilty and not guilty by reason of insanity at the time of the alleged commission of the crime. He was granted a bifurcated trial. The jury found defendant to be sane at the time of the alleged commission of the crime. He was thereafter tried on the merits by a different jury and found guilty of second-degree murder.

The People's evidence concerning the homicide showed that at approximately 1:30 a.m. on May 22, 1968, Mrs. Helen L. Boyle was found dead in her apartment. She had been the victim of a brutal attack, during which she suffered a total of 57 cuts and slashes inflicted with a knife. The examining physician testified that the victim bled to death from multiple stab wounds inflicted on her head, face, neck, chest and abdomen.

The evidence established that defendant lived in the same apartment building as Mrs. Boyle. During the late evening of May 21, he and his girl friend had been invited to Mrs. Boyle's for a drink. Defendant did not enter and remained at the apartment entryway briefly, then departed, presumably

for his brother's home where he had planned to spend the evening playing poker. His girl friend did accept the invitation and visited with Mrs. Boyle for approximately forty-five minutes. She testified that when she left the apartment Mrs. Boyle was quite intoxicated and somewhat rowdy. A neighbor of Mrs. Boyle's testified that he had retired early that evening and was awakened by the sounds of a noisy argument between a man and a woman. He believed the woman to be Mrs. Boyle. Later, he heard sounds of moaning and sobbing coming from Mrs. Boyle's apartment.

Thereafter, at approximately 1 a.m. of the 22nd, defendant appeared at his brother's house. He had blood on his hands, shirt and trousers. The blood was identified as type A, which was also the victim's blood type. He stated to his brother and his brother's wife, "I think I killed somebody," and in reference to that somebody stated, "The sucker shouldn't have hit me." He then changed clothes and the bloodstained articles of clothing were hidden in a box in the basement furnace room of the house. Defendant admitted handling a V.O. whiskey bottle in Mrs. Boyle's apartment and his fingerprints were found on the bottle. When he was later asked by his girl friend about Mrs. Boyle's death, he burst into tears and said he remembered the icebox, the V.O. whiskey, and getting into his car with a knife in his hand, which he later threw away.

Defendant testified in his own behalf, denying the accusations against him. He claimed he had left Mrs. Boyle's apartment and had gone to a restaurant. There, he encountered an old acquaintance whom he disliked and who was intoxicated. He was challenged to a fight. It was during the alleged fight in the alley behind the restaurant that he became bloodied from blows he had inflicted upon his assailant. He thereafter proceeded to his brother's home. This account of his activities was not supported by other evidence, and the attempted explanation of the incriminating circumstances did not satisfy the jury, which returned the guilty murder verdict.

I.

■■ Defendant's first two contentions of error for reversal concern the sanity trial. He first contends the jury was improperly instructed as to the legal test of insanity. We disagree. The instruction complained of set forth the test of insanity in the exact language of the applicable statute, 1965 Perm. Supp., C.R.S. 1963, 39-8-1(2). This was specifically held to be proper in *Simms v. People,* 174 Colo. 85, 482 P.2d 974. *See also, Jordan v. People,* 161 Colo. 54, 419 P.2d 656; *Battalino v. People,* 118 Colo. 587, 199 P.2d 897; *Shank v. People,* 79 Colo. 576, 247 P. 559.

II.

■ The second argument asserts reversible error for the reason that the court instructed the jury concerning the presumption of sanity, as follows:

"You are instructed that the law presumes every person to be sane. However, once any evidence of insanity is presented, the People have the burden of proof to establish beyond a reasonable doubt that the defendant was sane at the time of the alleged commission of the offense; and should you from the evidence believe that the defendant was insane or should there be a reasonable doubt in your mind as to whether the defendant was sane at the time of the alleged commission of the offense, then you must find that the defendant was insane at the time of the alleged commission of the offense."

The People chose not to put on evidence of sanity in the first instance, relying upon the legal presumption of sanity. Objection was made to this procedure, which was overruled. The defendant then presented evidence of insanity, and the People rebutted with medical evidence of sanity. The Jury found defendant sane. This procedure is identical to that approved by this Court in *Elliott v. People,* 176 Colo. 373, 490 P.2d 687. The statement of law contained in the instruction was a correct statement of the presumption of sanity and the burden of proof upon the People on the insanity issue. *People v. Johnson,* 180 Colo. 177, 503 P.2d 1019; *People v. Kernanen,* 178 Colo. 234, 497 P.2d 8; *Arridy*

*v. People,* 103 Colo. 29, 82 P.2d 757; *Graham v. People,* 95 Colo. 544, 38 P.2d 87.

### III.

The third contention relates to the failure of the court to grant defendant's motion for judgment of acquittal on the grounds of insufficiency of the evidence. The credibility of the witnesses and the weight to be given to their testimony was a matter for the jury's determination. From our review of the record, viewing the evidence and the reasonable inferences therefrom in the light most favorable to the People, we hold the verdict to be amply supported by the record. This Court will not sit as a thirteenth juror and substitute its judgment for that of the jury. *Habbord v. People,* 175 Colo. 417, 488 P.2d 554; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633.

### IV.

Finally, defendant claims reversible error arising from the rebuttal testimony of the People's witness, Detective Morris Mullins. The defendant's girl friend had testified on his behalf. Among other things, she stated the defendant had in fact entered the victim's apartment with her earlier in the evening and had remained there for some time, during which he mixed her a drink. This supported defendant's version of the events of the early evening and contradicted the People's evidence that he had not at that time entered the apartment with her. Officer Mullins further testified that she told him during his investigation of the crime that when she inquired concerning Mrs. Boyle's death, the defendant burst into tears and said he remembered the icebox, the V.O. whiskey, and getting into his car with a knife in hand, which he later threw away. Although incompetent, the incriminating hearsay declaration was not objected to, nor was its admission in evidence assigned as error in defendant's motion for a new trial. Had timely objection been made, this evidence would properly have been excluded. However, its relevancy to defendant's guilt or innocence was clear, and its probative value was for the jury's determination once it had been admitted without objection. *C. Torcia, 2 Wharton's Criminal*

*Evidence* § 273 (13th ed. 1972); *C. McCormick, Law of Evidence* § 54. We decline to consider this as plain error justifying reversal and a new trial.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.