## No. 28451

**Nolan L. Brown, District Attorney in and for the First Judicial District, County of Jefferson, State of Colorado v. The District Court in and for the First Judicial District, County of Jefferson, State of Colorado, and the Honorable Michael Villano, one of the Judges thereof**

(591 P.2d 99)

Decided March 5, 1979.

Nolan L. Brown, District Attorney, John R. Barksdale, Deputy, for petitioner.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Peter Schild, Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding. In response to pretrial motions, the respondent district court declared unconstitutional section 18-4-411, C.R.S. 1973 (1978 Repl. Vol. 8), which creates a criminal statutory presumption. The district court, therefore, stated that it would not instruct the jury as to the presumption. Also, the district court ordered that seven separate informations be tried together. We issued a rule to show cause and we now discharge the rule.

I.

The defendant, Roberto Brugno, was charged by seven three-count informations with the crimes of theft, section 18-4-401, C.R.S. 1973, theft by receiving, section 18-4-410, C.R.S. 1973, and criminal conspiracy, section 18-2-201, C.R.S. 1973. The alleged offenses arose from the delivery of seven stolen automobiles by Brugno to undercover Lakewood police

officers posing as fences.

Prior to trial, Brugno challenged the constitutionality of section 18-4-411, C.R.S. 1973, which provides:

"If any person commits theft by receiving as defined in section 18-4-410(1), when the value of the thing involved or the total value of the things involved is one thousand dollars or more, such commission of theft by receiving constitutes prima facie evidence that the person is engaged in the business of buying, selling, or otherwise disposing of stolen goods for a profit."[1]

■ Section 18-4-411, therefore, creates the presumption that one is engaged in the business of buying, selling, or otherwise disposing of stolen goods for a profit if the total value of the things involved is one thousand dollars or more. This presumption, without more and unless rebutted, allows a jury to find a defendant guilty of a class 3 felony as defined in section 18-4-410(6), C.R.S. 1973.

■ The power of the legislature to create criminal statutory presumptions is limited by the requirements of due process. Thus, there must be some rational connection or reasonable relationship between the fact proved and the ultimate fact to be presumed. *Garcia v. People,* 121 Colo. 130, 213 P.2d 387 (1949). This court, in *People v. Lorio,* 190 Colo. 373, 546 P.2d 1254 (1976), citing recent United States Supreme Court decisions, recognized two tests for determining the constitutionality of a statutorily created criminal presumption: (1) whether the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt; and (2) whether the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. We find that the presumption created by section 18-4-411 cannot satisfy even the less stringent more-likely-than-not test and is therefore unconstitutional.

---

[1] The theft by receiving statute, section 18-4-410, C.R.S. 1973, provides:

"(1) Except as provided in subsection (6) of this section, a person commits theft by receiving when he receives, retains, loans money by pawn or pledge on, or disposes of anything of value of another, knowing or believing that said thing of value has been stolen, and when he intends to deprive the lawful owner permanently of the use or benefit of the thing of value.

"(2) Where the value of the thing involved is less than fifty dollars, theft by receiving is a class 3 misdemeanor.

"(3) Where the value of the thing involved is fifty dollars or more but less than two hundred dollars, theft by receiving is a class 2 misdemeanor.

"(4) Where the value of the thing involved is two hundred dollars or more but less than ten thousand dollars, theft by receiving is a class 4 felony.

"(5) Where the value of the thing involved is ten thousand dollars or more, theft by receiving is a class 3 felony.

"(6) When the value of the thing involved is two hundred dollars or more and the person committing theft by receiving is engaged in the business of buying, selling, or otherwise disposing of stolen goods for a profit, theft by receiving is a class 3 felony."

We do not perceive how the value of a stolen article has any significant relationship to the *business of buying, selling, or otherwise disposing of stolen goods for a profit.* Merely proving the fact of value does not create a probability that one is engaged in such business. The presumed fact lacks a rational connection with the proved fact. We therefore agree with the district court that this criminal statutory presumption does not satisfy due process standards.

## II.

Pursuant to the defendant's motion, the district court ordered that the seven informations be tried together. Crim. P. 13. The petitioner contends that the prosecution was prejudiced thereby. Crim. P. 14. The main thrust of petitioner's argument is that if the seven informations were tried separately they could serve as the basis for a habitual criminal proceeding, but if tried together they could not. *See* section 16-13-101, C.R.S. 1973 (1978 Repl. Vol. 8).

The consolidation of informations is within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. A consolidation of informations is permissible when the offenses could have been joined in a single information. Crim. P. 13. Whether the offenses could have been joined in a single information depends upon whether all of the offenses were of the same or similar character and were tied to a single scheme and plan. *See People v. Trujillo,* 181 Colo. 350, 509 P.2d 794 (1973); *ABA, Standards for Criminal Justice Relating to Joinder and Severance* (2d ed.), ch. 13.

Here, each separate offense was of a similar character, namely, theft of a new model automobile. The following facts, gleaned from the seven informations, indicate that the offenses also were tied to a single scheme or plan: (1) The automobiles were all stolen in the Boulder-Lakewood area; (2) they were all stolen from automobile dealer parking lots; (3) they were all sold to the same police fencing operation at the same location the day before or the same day that they were reported stolen; and (4) the seven sales all took place within twenty-six days.

In view of the foregoing, we cannot say that the district court abused its discretion in consolidating the informations.

The rule is discharged.