599 P.2d 264 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Cornelius J. ALLEN, Defendant-Appellant.
No. 78-028.
Colorado Court of Appeals, Div. II.
April 12, 1979.
Rehearing Denied May 10, 1979.
Certiorari Denied August 27, 1979.
*265 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Harry H. Haddock, Denver, for defendant-appellant.
ENOCH, Judge.
Defendant appeals his conviction by a jury of three counts of sexual assault on three different children and one count of attempted sexual assault on a fourth child. We affirm.
Defendant contends that the court erred in not granting his motion for severance of the counts for purposes of trial. We do not agree.
A motion for severance is directed to the sound discretion of the trial court, and a defendant is not entitled to relief from joinder unless he can show unfair prejudice caused by the joinder of offenses. People v. Trujillo, 181 Colo. 350, 509 P.2d 794 (1973). Crim.P. 14. Such prejudice is not shown where the evidence of each transaction would be admissible in separate trials to show intent, common scheme, plan, design, or modus operandi. People v. Rivas, Colo., 591 P.2d 83 (1979); People v. Martinez, 190 Colo. 507, 549 P.2d 758 (1976). Pursuant to § 16-10-301, C.R.S.1973 (1978 Repl.Vol. 8), evidence of similar transactions may be introduced in a prosecution for sexual assault. See Pigford v. People, Colo., 593 P.2d 354 (1979). Thus joinder of sexual assault offenses is permissible where the evidence tending to prove each offense would be admissible in separate trials to show common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or intent.
*266 The evidence here shows intent and a common scheme or modus operandi by defendant. He established a pattern of returning home when his wife was at work and a babysitter was caring for their young children or his older daughter was at his home and was babysitting a neighbor's children. After taking a shower, defendant would parade around the house nude or wearing only a short night shirt. Frequently he would use a vibrator and expose himself to the babysitter or the children. Then he would attempt to fondle the girls or try to force them to fondle him. Although each of the four incidents which formed the bases for the four counts happened at different times, they all occurred within less than a four-month period. The four girls' testimony shows they each experienced similar conduct by defendant prior to the assault or attempted assault. And in each case defendant threatened the child against telling her parents. Three of the complaining witnesses were babysitters at different times and the fourth witness was one of the children being cared for by the defendant's daughter.
The similarity of the events thus refutes defendant's position that the victims fabricated the charges. In addition the testimony tends to show a particular modus operandi. See People v. Pigford, supra. The evidence of the similar events would therefore be admissible at separate trials, and the court did not abuse its discretion in denying defendant's motion for severance.
Defendant also contends that the court stymied an adequate exploration of the motives of each of the four children who testified against him. We disagree.
Defendant's defense was that the children were fabricating their testimony. He claimed their motive to fabricate stemmed from his testifying against the father of two of them regarding criminal activities he and the father had been involved in. The trial court denied defendant's attempt to disclose the entire background of cases involving the children's father.
Contrary to defendant's argument, however, the trial court's ruling did not prevent a full examination of the children's motives. Defendant's counsel extensively cross-examined the children as to their knowledge of the other cases and the impact they felt their testimony might have in the proceedings against the father. Defendant himself testified about his relationship with the father and his opinion of the children's motives. One of the children who testified had no relation to either family and had not heard of the other cases until just prior to trial. Finally, defendant's counsel argued motive extensively to the jury in closing argument. Thus the court's denial of defendant's request to call as witnesses the prosecutors involved in the other criminal cases was not error and did not prevent defendant from fully developing the theory of his defense.
We have considered defendant's other allegations of error and find them to be without merit.
Judgment affirmed.
BERMAN and VAN CISE, JJ., concur.