The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Rebecca FINCHAM, a/k/a Rebecca
Fincham Davis,
Defendant-Appellant.

No. 87CA1248.

Colorado Court of Appeals,
Div. III.

May 24, 1990.

Rehearing Denied July 5, 1990.

Certiorari Denied Nov. 13, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Rebecca Fincham, appeals the judgment of conviction entered upon jury verdicts finding her guilty of first degree murder after deliberation, first degree felony murder, conspiracy to commit first degree murder after deliberation, second degree kidnapping, conspiracy to commit second degree kidnapping, and accessory to crime. We affirm in part, vacate in part, and remand for further proceedings.

Defendant and her former husband, Gary Davis, were convicted and sentenced in separate trials in the kidnapping and murder of Virginia May. *See People v. Davis*, 794 P.2d 159 (Colo.1990). The record reflects that defendant was with Gary Davis during the time he took the victim from her home to the location where he eventually shot her several times. At issue at trial and on appeal are the existence and degree of defendant's complicity in these acts.

I.

Defendant contends that the admission into evidence of the statements of Gary Davis, who did not testify at her trial, violated her constitutional right of confrontation. Davis' statements, which were made to members of the sheriff's office, had been redacted to omit references to defendant. We conclude that any error was harmless beyond a reasonable doubt.

Whether a defendant's right to confront the witnesses against him or her has been violated requires a two-step analysis. First, the People must establish that the declarant is "unavailable." Second, the

statement must bear indicia of reliability sufficient to make it trustworthy without subjecting the declarant to cross-examination. *See Nunez v. People*, 737 P.2d 422 (Colo.1987); *People v. Dement*, 661 P.2d 675 (Colo.1983).

The trial court found that, by virtue of having asserted his Fifth Amendment privilege against self-incrimination, Gary Davis, for purposes of CRE 804, was "unavailable." On appeal, this finding is not disputed, and therefore, for purposes of a Confrontation Clause analysis, we also conclude that Gary Davis was "unavailable." *See United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986); *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); *People v. Rosenthal*, 670 P.2d 1254 (Colo.App.1983).

After determining that the declarant was "unavailable," the trial court should have inquired whether his statements contained sufficient "indicia of reliability" to overcome their presumptive unreliability. *People v. Drake*, 785 P.2d 1253 (1989). Instead, the trial court ruled only that the statements "having to do with [Gary] Davis himself" would be admissible since they were statements against his penal interest. The statement was redacted to omit references to the defendant. However, no express finding of reliability was made by the court with respect to Gary Davis' confession.

While it is true that reliability *may* be inferred where the evidence falls within a firmly rooted hearsay exception, *People v. Dement, supra*, a declaration against penal interest is too large a class for meaningful Confrontation Clause analysis. *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986); *see also People v. Drake, supra* (trial court should make reliability finding even though statement was admissible under CRE 804(b)(3) as against his interest). However, we conclude that even if the absence of appropriate findings concerning the reliability of Davis' statements make their admission into evidence erroneous, such error was harmless beyond a reasonable doubt.

Here, defendant chose to testify at trial, and she admitted that she was present when the victim was placed in the car and that she drove the vehicle to the location where the victim's body was later found. Thus, by her own testimony, defendant related many of the same facts that were contained in Gary Davis' statement. And, references to defendant were excised from Gary Davis' statement. *See People v. Rosenthal, supra*. Accordingly, we are persuaded that any error in admitting the statement was harmless beyond a reasonable doubt. *Cf. People v. Dement, supra; People v. Smith*, 790 P.2d 862 (Colo.App. 1989) (reversible error occurred in admission of two complicitors' statements that did not "interlock" on extent of defendant's culpability).

## II.

Defendant next contends that the trial court erred in refusing to permit defense witnesses to testify regarding her dependent personality as it related to culpable mental states of the offenses charged and to available defenses. We disagree.

Defendant sought to present the testimony of two psychiatrists tending to establish that she exhibited a dependent personality disorder. The trial court disallowed the evidence on the ground that defendant had failed to raise the affirmative defense of impaired mental condition, which must be raised at arraignment or, upon good cause shown, at any time prior to trial. Section 16-8-103.5, C.R.S. (1986 Repl. Vol. 8A); *People v. Low*, 732 P.2d 622 (Colo.1987). We agree with the trial court that the testimony was inadmissible.

Defendant asserts that the evidence was introduced not to prove an impaired mental condition, but "to establish that she lacked the required culpable mental state due to her tendency to yield to persons perceived as in charge or to only weakly resist their actions." No offer of proof was given as to the distinction, and we are not persuaded by defendant's argument that this is different from the affirmative defense of impaired mental condition.

Section 16–8–102(2.7), C.R.S. (1986 Repl. Vol. 8A) defines impaired mental condition as:

> "a condition of mind, caused by mental disease or defect, which does not constitute insanity but, nevertheless, *prevents the person from forming a culpable mental state* which is an essential element of a crime charged." (emphasis added)

Despite defendant's arguments to the contrary, the evidence sought to be introduced was evidence of mental condition rather than state of mind. Inasmuch as defendant waived this defense, her arguments for admissibility under the rules of evidence are also without merit.

### III.

■ Defendant next argues that the trial court erred in admitting hearsay statements of the victim's children. We disagree.

Courts look primarily to the effect of a particular event upon the declarant and, if satisfied that the event was sufficient to cause adequate excitement, the inquiry is ended. The passage of time, though significant, is not conclusive on the question of admissibility, since the element of trustworthiness in the case of young children finds its source primarily in the lack of capacity to fabricate, rather than the lack of time to fabricate. Nor does the fact that some general questions preceded the hearsay declarations destroy their character as excited utterances. *People in Interest of O.E.P.*, 654 P.2d 312 (Colo.1982).

Here, there is no question that the children's statements concerned a sufficiently startling event, the violent kidnapping of their mother from their home. The statements were made less than two hours after the event, and in response only to very general questions by their father. According to the father, upon making the statements, one of the children started to cry.

Moreover, the substance of the children's statements was corroborated by the defendant's own testimony at trial placing her at the victim's ranch with Gary Davis at the time of the abduction.

■ Under all the circumstances, we find no error in the admission of the children's statements. The trial court is in the preferred position to determine whether a particular event causes sufficient excitement in a declarant to render a statement admissible, *People in Interest of O.E.P., supra,* and we are satisfied that the trial court did not err in admitting the children's statements to their father. *See* CRE 803(2).

### IV.

■ Defendant next contends that the trial court abused its discretion in failing to declare a mistrial or preclude further testimony when an advisory witness twice referred to inadmissible evidence. We disagree.

■ Although a trial court has broad discretion to declare a mistrial when it appears that because of irregularities in the proceeding either party will not receive a fair trial, *People v. Erickson*, 194 Colo. 557, 574 P.2d 504 (1978), declaration of a mistrial constitutes a drastic action and is warranted only when the prejudice to the accused is too substantial to be remedied by other means. *People v. Abbott*, 690 P.2d 1263 (Colo.1984).

The advisory witness' testimony that he went with the victim's children to the tool shed and "had them describe what happened" is not hearsay and is not at all inculpatory of defendant, and therefore, a finding of prejudice may not be based thereon.

As to the witness' testimony that in searching defendant's bedroom he noticed "there was a lot of sexual paraphernalia and magazines," the trial court found for the record that the witness' violation of the court's prior orders limiting certain testimony had not been aggravated or intentional and offered to give a cautionary instruction to the jury. The defense rejected that offer. The court also stated that it would consider defendant's request to prohibit the witness from testifying further if

another violation occurred, and cautioned the witness not to mention sexual items.

Under all of the circumstances, we conclude that the two statements by the witness did not amount to prejudice against defendant such as would warrant reversing the trial court's denial of her motion for a mistrial. *See People v. Abbott, supra.*

## V.

■ We also reject defendant's contention that prejudice arose by virtue of the prosecutor's comments during his closing argument. The defendant did not object to this argument, and since the jury is presumed to have followed the court's instruction, the defendant has failed to make any showing of unfair prejudice resulting from the prosecutor's comments. *See People v. Smith,* 620 P.2d 232 (Colo.1980).

## VI.

■ Defendant also contends that the trial court erred in rejecting the pattern jury instruction on affirmative defenses. We determine that, considered as a whole, the court's instructions did not constitute reversible error.

The general instruction on affirmative defenses tendered by defendant quoted the language of *COLJI–Crim.* No. 7:01 (1983), which provides:

"The evidence presented in this case has *raised* an affirmative defense.

The prosecution has the burden of proving the guilt of the defendant to your satisfaction beyond a reasonable doubt as to the affirmative defense, as well as to all the elements of the crime charged. After considering the evidence concerning the affirmative defense, with all the other evidence in this case, if you are not convinced beyond a reasonable doubt of the defendant's guilt, you must return a verdict of not guilty." (emphasis added)

The trial court rejected defendant's proposed instruction, stating:

"The instruction ... *makes comment on the evidence,* an affirmative defense has been presented by evidence. Court feels

this is an issue for the *jury* to determine." (emphasis added)

Instead, the court instructed the jury as follows:

"*If* you find that the evidence presented in this case has raised an affirmative defense, the prosecution has the burden of proving the guilt of the defendant to your satisfaction beyond a reasonable doubt as to the affirmative defense...." (emphasis added)

The court's instruction otherwise was identical to the pattern instruction.

■ We agree with defendant's assertion that the threshold determination of whether an affirmative defense has been raised by the evidence must be made by the court and not the jury. An affirmative defense basically admits the doing of the act charged but seeks to justify, excuse, or mitigate it. *People v. Huckleberry,* 768 P.2d 1235 (Colo.1989).

Defendant argues that the instruction deprived her of due process and trial by jury, since the prosecution was relieved of its burden of proving beyond a reasonable doubt that the affirmative defenses did not exist. We agree that the instruction given by the trial court should not have been given and that the court should have used the pattern instruction. *See Wilcox v. People,* 152 Colo. 173, 380 P.2d 912 (1963), *cert. denied,* 376 U.S. 931, 84 S.Ct. 702, 11 L.Ed.2d 652 (1964). Nevertheless, we conclude that the court's instructions, as a whole, did not constitute reversible error.

■ The propriety of any one instruction must be determined by considering all of the instructions as a whole, and, absent a contrary showing, it is presumed that the jury understood the instructions and heeded them. *People v. Bogle,* 743 P.2d 56 (Colo.App.1987).

The purpose of the instruction at issue is to inform the jury, when an affirmative defense has been raised, that the prosecution has the burden of proving the guilt of the defendant beyond a reasonable doubt as to the affirmative defense raised. *See* § 18–1–407(2), C.R.S. (1986 Repl. Vol. 8B).

Here, in addition to several instructions on various affirmative defenses, the jury was specifically instructed on the presumption of innocence and the prosecution's burden of proving all of the elements beyond a reasonable doubt. It was instructed repeatedly that it must find defendant guilty as to every element beyond a reasonable doubt in order to find her guilty. Among the elements of each crime charged were included, as an element, the words "without the affirmative defense in instruction number __." Thus, as to every crime charged, the jury was instructed in essence that the prosecution must prove beyond a reasonable doubt that defendant was "without the affirmative defense." In our view, the instructions as a whole adequately informed the jury that the prosecution must disprove the affirmative defense beyond a reasonable doubt.

Moreover, the court also instructed the jury, in connection with the lesser included offense instructions, that the law never imposed upon a defendant in a criminal case the burden of producing any evidence.

Hence, reading all the instructions together, we conclude that they did not relieve the prosecution of its burden of proof on the affirmative defenses.

### VII.

Defendant contends lastly that the sentences imposed must be vacated and the case remanded for resentencing. Except as to the judgment of conviction for felony murder, we find no error.

■ We reject defendant's argument that the consecutive thirty-year sentence for conspiracy should be vacated. If a defendant is convicted of multiple offenses, the trial court's traditional discretion to impose either consecutive or concurrent sentences, depending upon the gravity of the accused's criminal conduct, remains intact under § 18–1–408, C.R.S. (1986 Repl. Vol. 8B), if the multiple counts are not supported by identical evidence. *Oureshi v. District Court,* 727 P.2d 45 (Colo.1986). Our review of the record reveals evidence supportive of the conspiracy which is distinct from evidence of the underlying crimes. The record also reflects sufficient aggravating conduct by the defendant. Thus, we find no abuse of discretion in this regard.

■ Defendant also argues that only one life sentence could have been imposed, and only one conviction entered, for the three charges of premeditated murder, felony murder, and second degree kidnapping.

The jury found defendant guilty of both the first degree murder counts and second degree kidnapping, the felony underlying the felony murder count. The trial court entered judgments of conviction on each count and determined that the two murder counts "merge into a single sentence of life." On the kidnapping count, the court sentenced defendant to a term of sixteen years, stating that:

> "since one of the underlying crimes is that of Felony Murder, and that part of that Felony Murder is the Kidnapping, that it is necessary under the law that that sentence be a concurrent sentence."

■ We conclude that this matter must be remanded for resentencing. Only one judgment of conviction may be imposed for first degree murder when there is only one victim. *People v. Lowe,* 660 P.2d 1261 (Colo.1983). Also, the conviction of the defendant for the felony murder, predicated as it is on the kidnapping, precludes her simultaneous conviction of the lesser included offense of kidnapping. *See People v. Bartowsheski,* 661 P.2d 235 (Colo.1983).

However, the People correctly argue that since the kidnapping is not a lesser included offense of first degree murder after deliberation, the defendant could be simultaneously convicted of those two offenses. *See People v. Bartowsheski, supra.* Hence, we determine that the trial court should have entered judgments of conviction for first degree murder after deliberation and for second degree kidnapping, but not also for first degree felony murder. *See People v. Saathoff,* 790 P.2d 804 (Colo. 1990); *People v. Bartowsheski, supra.*

Defendant's other contentions are without merit.

The judgments of conviction and sentences for first degree murder after deliberation, second degree kidnapping, conspiracy to commit first degree murder after deliberation, conspiracy to commit second degree kidnapping, and accessory to crime are affirmed. The judgment of conviction for first degree felony murder is vacated, and the cause is remanded for resentencing and amendment of the mittimus, consistent with the views expressed herein.

STERNBERG and CRISWELL, JJ., concur.